UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL RICHARTZ AND LINDA RICHARTZ,<br><br>Plaintiffs,<br><br>v.<br><br>BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.; BOEHRINGER INGELHEIM CORPORATION; BOEHRINGER INGELHEIM USA CORPORATION; and PFIZER INC.,<br><br>Defendants. | CASE NO.<br><br>NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446 |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446; Defendants Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim Corporation, Boehringer Ingelheim USA Corporation, and Pfizer Inc., (collectively, "Removing Defendants"); hereby give notice of removal of this action, *Richartz v. Boehringer Ingelheim Pharms., Inc. et al.*, No. MID-L-5126-22, from the Superior Court of New Jersey, Law Division, to the United States District Court for the District of New Jersey. As grounds for removal, Removing Defendants state as follows:

## INTRODUCTION

1. This action is one of many individual lawsuits filed against manufacturers, distributors, and retailers of Zantac (ranitidine) relating to cancers allegedly caused by the drug. On February 6, 2020, the Judicial Panel on Multidistrict Litigation ("JPML") created a Multidistrict Litigation ("MDL") in the Southern District of Florida for pretrial coordination of cases like this one—*i.e.*, cases "in which plaintiffs allege that they developed cancer as a result of NDMA [N-Nitrosodimethylamine] formed from Zantac." *In re Zantac (Ranitidine) Prods. Liab. Litig.*, 437 F. Supp. 3d 1368, 1369 (J.P.M.L. 2020). The JPML found that centralizing these cases

for pretrial purposes "will eliminate duplicative discovery; prevent inconsistent rulings . . . and conserve the resources of the parties, their counsel, and the judiciary." *Id.* To date, well over 2,000 actions have been filed in or transferred to the Zantac MDL, with more (including this action) surely to follow.

2. On October 14, 2022, Plaintiffs Paul and Linda Richartz filed this Complaint in the Superior Court of New Jersey, Law Division, Middlesex County against various manufacturers and/or distributors of Zantac. *See* Compl. ¶¶ 19-55. The thrust of this Complaint—like others in the MDL—is that Plaintiff Paul Richartz ingested Zantac and, as a direct and proximate result, developed cancer (in this case, bladder cancer). *Id.* ¶¶ 13-15. A copy of the Complaint is attached as **Exhibit 1**.

3. On June 9, 2023, Plaintiffs voluntarily dismissed their Complaint against Defendants Sanofi US Services Inc., Sanofi-Aventis U.S. LLC, and Chattem, Inc. (collectively, "Sanofi") with prejudice. A copy of the Stipulation of Dismissal with Prejudice is attached as **Exhibit 2**.

4. Sanofi, a New Jersey company, was the only Defendant with citizenship in New Jersey prior to its dismissal.

5. The Removing Defendants are the only remaining defendants in this matter and none of them are citizens of New Jersey.

## **VENUE AND JURISDICTION**

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 110, 1391, 1441(a), and 1446(a), because the Superior Court of New Jersey, Law Division, Middlesex County, where the Complaint was filed, is a state court within the District of New Jersey.

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), because (1) there is complete diversity of citizenship between Plaintiffs and all Defendants; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

## BASIS OF REMOVAL

**I. There Is Complete Diversity of Citizenship Between Plaintiffs and All Defendants.**

8. There is complete diversity of citizenship here because Plaintiffs are New Jersey citizens, and all remaining Defendants are citizens of states other than New Jersey.

9. For purposes of diversity jurisdiction, "[c]itizenship is synonymous with domicile." *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006). "[T]he domicile of an individual is his true, fixed and permanent home and place of habitation . . . to which, whenever he is absent, he has the intention of returning." *Id.* (quoting *Vlandis v. Kline*, 412 U.S. 441, 454 (1973)).

10. A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

11. Plaintiffs are citizens of New Jersey. *See* Ex. 1, Compl. ¶ 13.

12. Defendant Boehringer Ingelheim Pharmaceuticals, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Ridgefield, Connecticut; it is thus a citizen of those two states. *Id.* ¶ 20. Defendant Boehringer Ingelheim Corporation is a corporation organized under the laws of Nevada with its principal place of business in Ridgefield, Connecticut; it is thus a citizen of those two states. *Id.* ¶ 21. Defendant Boehringer Ingelheim USA Corporation is a corporation organized under the laws of Delaware with its principal place of business in Ridgefield, Connecticut; it is thus a citizen of those two states. *Id.* ¶ 22.

13. Defendant Pfizer Inc. is a corporation organized under the laws of Delaware with its principal place of business in New York. *Id.* ¶ 32. Pfizer is, therefore, a citizen of Delaware and New York.

14. Because Plaintiffs are citizens of New Jersey and all Defendants are citizens of states other than New Jersey, complete diversity exists. *See* 28 U.S.C. § 1332(a).

## II. The Amount in Controversy Exceeds $75,000.

15. Plaintiffs' claims satisfy the amount-in-controversy requirement set forth in 28 U.S.C. § 1332(a).

16. "[A] defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Remand is only proper "if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount." *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007).

17. Courts routinely find that the amount-in-controversy requirement has been satisfied where, as here, a plaintiff alleges serious bodily injury. *See, e.g.*, *Hocker v. Klurfield*, No. 15-04262, 2015 WL 8007463, at *1-2 (E.D. Pa. Dec. 7, 2015) (amount-in-controversy requirement satisfied where plaintiff's alleged injuries included serious physical injuries that required surgery); *Clark v. J.C. Penney Corp.*, No. 08-4083, 2009 WL 1564175, at *4 (D.N.J. June 1, 2009) (amount-in-controversy requirement met where "[p]laintiff has alleged multiple serious, permanent, and disabling injuries"); *see also Carroll v. United Air Lines, Inc.*, 7 F. Supp. 2d 516, 522 (D.N.J. 1998) (finding defendant knew or should have known that amount in controversy exceeded jurisdictional requirement where personal injury complaint alleged "injuries causing disability, impairment, loss of enjoyment of life, pain and suffering, and he will suffer in the future"). New

Jersey courts, moreover, have awarded compensatory and other damages in excess of $75,000 in other product-liability actions including allegations of cancer. *See, e.g.*, *Lanzo v. Imerys Talc America, Inc. et al.*, JVR No. 1807270019 (N.J. Super. Ct. Apr. 5, 2018) (awarding $117 million for mesothelioma resulting from asbestos exposure in talcum powder products); *Rowe v. Borg Warner Morse Tec f/k/a Borg Warner, et al.*, JVR No. 1506030018 (N.J. Super. Ct. Feb. 24, 2015) (awarding $1.5 million for asbestos exposure leading to mesothelioma); *Kelly Mace v. Hoffmann-La Roche Lance Sager et al.*, 2008 WL 5455778 (N.J. Super. Ct. Dec. 10, 2008) (awarding $12,895,500 to three plaintiffs for serious bowel ailments and increased risk of colon cancer resulting from taking prescription acne medication).

18. Here, it is apparent from the face of the Complaint that the amount in controversy exceeds $75,000. The Complaint alleges that, as a result of Plaintiff Paul Richartz's use of Zantac, he "was diagnosed with bladder cancer" and suffered "significant bodily injury . . . mental anguish, disfigurement, embarrassment, inconvenience, loss of earnings and earning capacity . . . past and future medical expenses" and other personal injuries. *See* Ex. 1, Compl. ¶ 15. Plaintiffs also seeks several categories of damages, including actual, compensatory, exemplary, and punitive damages. *See id.* at p. 72.

19. Indeed, in another Zantac case in which the plaintiff similarly claimed cancer as an injury, a federal court in the District of Nevada denied a motion to remand where the amount in controversy was not alleged, finding that the requirement was satisfied on the face of the complaint by the nature of the injury. *See Brooks v. Sanofi S.A.*, No. 2:20-cv-565-JCM-EJY, 2020 WL 1847682, at *3-4 (D. Nev. Apr. 13, 2020).

20. Finally, in the hundreds of personal injury cases pending in the Zantac MDL, each plaintiff either expressly claims damages in excess of $75,000 or has impliedly done so by filing

a lawsuit in federal court and invoking federal diversity jurisdiction. Numerous plaintiffs in these cases allege that they have been diagnosed with bladder cancer, the same type of cancer that Plaintiffs here claim. *See, e.g.*, *Evans v. GlaxoSmithKline LLC et al.*, No. 9:21-cv-82378 (S.D. Fla.); *Barbuto v. GlaxoSmithKline LLC et al*, No. 9:21-cv-82402 (S.D. Fla.); *Donowitz v. GlaxoSmithKline LLC et al.*, No. 9:21-cv-82408 (S.D. Fla.); *Snyder v. GlaxoSmithKline LLC et al.*, No. 9:21-cv-82425 (S.D. Fla.). Although the Removing Defendants deny that Plaintiffs are entitled to any damages, like those cases, this case meets the requirements for federal diversity jurisdiction.

### III.     All Other Removal Requirements Are Satisfied.

21.     Former Defendant Sanofi was voluntarily dismissed with prejudice from this action on June 9, 2023. *See* Ex. 2, Stipulation.

22.     The Notice of Removal is timely and properly filed pursuant to 28 U.S.C. § 1446(b)(3).

23.     Removal pursuant to 28 U.S.C. § 1441(a) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

24.     All Removing Defendants join in and consent to this removal.

25.     Removing Defendants are providing Plaintiffs with written notice of the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d).

26.     Pursuant to 28 U.S.C. § 1446(d), Removing Defendants are filing a copy of this Notice of Removal with the Clerk of the New Jersey Superior Court, Middlesex County.

27. Pursuant to 28 U.S.C. § 1446(a), copies of the state court docket sheet, all process, pleadings, orders, and other documents on file with the Superior Court of New Jersey are attached hereto as **Exhibit 3**.

28. By filing this Notice of Removal, Removing Defendants do not waive any defense that may be available to them and reserve all such defenses. If any question arises regarding the propriety of the removal to this Court, Removing Defendants request the opportunity to present a brief oral argument in support of their position that this case has been properly removed.

## CONCLUSION

WHEREFORE, Removing Defendants give notice that the matter bearing Case No. MID-L-5126-22, pending in the Superior Court of New Jersey, Law Division—Middlesex County, is removed to the United States District Court for the District of New Jersey, and request that this Court retain jurisdiction for all further proceedings in this matter.

Dated: July 5, 2023

Respectfully submitted,

*/s/ Mark K. Silver*
Timothy I. Duffy
Mark K. Silver
SCHENCK, PRICE, SMITH & KING, LLP
220 Park Avenue
P.O. Box 991
Florham Park, NJ 07932
Telephone: (973) 798-4950
Facsimile: (973) 540-7300
Email: mks@spsk.com; tid@spsk.com

*Attorneys for Defendants, Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim Corporation, and Boehringer Ingelheim USA Corporation*

*/s/ Liza M. Walsh*
Liza M. Walsh
Jessica K. Formichella
Lauren R. Malakoff
Walsh Pizzi O'Reilly Falanga LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100
lwalsh@walsh.law

*Attorneys for Defendant Pfizer Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on July 5, 2023, I served a true and correct copy of the foregoing via electronic mail on the following counsel of record:

Vincent Cheng, Esq.
WILENTZ, GOLDMAN, & SPITZER, P.A.
90 Woodbridge Center Drive
P.O. Box 10
Woodbridge, New Jersey 07095
(732) 636-8000
vcheng@wilentz.com
*Attorneys for Plaintiff*

                                              By: */s/ Mark K. Silver*
                                                    Mark K. Silver
                                                    SCHENCK, PRICE, SMITH & KING, LLP
                                                    220 Park Avenue
                                                    PO Box 991
                                                    Florham Park, NJ 07932
                                                    Telephone: (973)798-4950
                                                    Facsimile: (973) 540-7300
                                                    Email: mks@spsk.com

                                                    *Attorneys for Defendants, Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim Corporation, and Boehringer Ingelheim USA Corporation*